# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **PLAINTIFF** : | Criminal Action No. 1:16CR-00037-JHM |
| v. : | CHIEF JUDGE JOSEPH H. MCKINLEY, JR. |
| : | |
| **MICHAEL T. BARRICK** : | |
| **ROGER D. HAGAN** : | |
| **GARRY HAMMER** : | |
| **LORRI HUGHES** : | |
| : | |
| **DEFENDANTS** : | |
| : | |

## ORDER

This matter is before the Court on Defendant Barrick's unopposed motion to continue trial [DN 60] and the Court being sufficiently advised;

**IT IS HEREBY ORDERED** as follows:

1. The **jury trial** scheduled for June 18, 2018, is **vacated as to all Defendants**.

2. This matter is reassigned for **trial by jury as to all Defendants** on **January 28, 2019,** at **9:00 AM CST,** U.S. Courthouse, Bowling Green, Kentucky. Counsel shall be in chambers at 8:30 AM the morning of trial. The approximate length of trial is one week.

3. **Pretrial discovery and inspection.**

    A. **No later than May 7, 2018,** the United States Attorney and defense counsel shall confer and, upon request, permit inspection and copying or photographing of all matter subject to disclosure under F.R.Cr.P. 16.

B.  If additional discovery or inspection is sought, Defendant's attorney shall confer with the appropriate Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court.   The request may be oral or written and the United States Attorney shall respond in like manner.

    (1)   <u>Jencks Act material</u>.   Jencks Act material pursuant to 18 U.S.C. § 3500 is not required to be furnished to the Defendant by the United States prior to trial.

    (2)   <u>Brady (Giglio) material</u>.   The government shall disclose any <u>Brady</u> material of which it has knowledge in the following manner:

        (a)   pretrial disclosure of any <u>Brady</u> material discoverable under Rule 16(a)(1);

        (b)   disclosure of all other <u>Brady</u> material in time for effective use at trial.

If the government has knowledge of <u>Brady</u> rule evidence and is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an <u>in camera</u> hearing for the purpose of resolving this issue; failure to disclose <u>Brady</u> material at a time when it can be effectively used at trial may result in a recess or a continuance so that the Defendant may properly utilize such evidence.

    (3)   <u>Rule 404(b) evidence</u>.   Upon service of a request from the Defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide notice **within fourteen (14) days of trial** of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause.

**Any motion for additional discovery or inspection** shall be made **on or before June 25, 2018**, after compliance by the parties with F.R.Cr.P. 16.   Any

such motion shall contain a certification from counsel that informal, extrajudicial efforts to resolve the discovery dispute have taken place and been unsuccessful.

4.   If required to be disclosed pursuant to F.R.Cr.P. 16(a)(1)G) or F.R.Cr.P. 16(b)(1)(C), **any expert testimony** the United States or Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, including a summary of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, shall be disclosed **on or before October 15, 2018**.

Any expert testimony either the United States or Defendant intends to use to rebut an expert under Rules 702, 703, or 705 of the Federal Rules of Evidence, shall be disclosed **on or before October 29, 2018**.

The parties are reminded of the continuing duty under F.R.Cr.P. 16(c) to disclose additional discoverable evidence or material previously requested or ordered.

5.   **All motions to suppress evidence** and any other motion requiring a pretrial hearing, including any motions to exclude the testimony of an expert witness pursuant to Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), shall be filed **no later than November 5, 2018.**

6.   **On or before December 10, 2018,** the parties shall file a trial memorandum containing the following:

    A.   The statute(s) involved and elements of the offense. (With discussion of authorities, if disputed.)

    B.   A statement of undisputed and disputed facts.

    C.   A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

    D.   A statement of evidentiary issues which it is reasonably believed will be raised at trial together with citations to the appropriate Federal Rules of Evidence and authorities in

       support of the position taken.

- E. A statement of any known or reasonably anticipated potential trial problems, or other issues which may assist the Court in trying the case.

- F. Proposed substantive and special jury instructions with citations to authorities.   It is not necessary to submit standard general instructions.   Additional requests at trial are to be kept to a minimum.

- G. Proposed voir dire questions.

- H. Counsel shall file an exhibit list, and premark for identification purposes all exhibits intended to be used at trial.   Counsel shall file a stipulation as to the authenticity of the exhibits.   Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

- I. The United States shall submit, for the Court's <u>in camera</u> review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of each such witness.

- J. At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

- K. The United States shall retain possession of physical exhibits (i.e., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

7.    **Any motions in limine** shall be filed **on or before December 31, 2018.   Responses** shall be filed **on or before January 7, 2019**.   There shall be **no replies**.

8.    All motions, responses and replies made pursuant to this Order shall be accompanied by a memorandum and shall conform with and are subject to the

4

requirements and time limitations contained in LCrR12.1, except as otherwise provided herein.

**IT IS FINALLY ORDERED** that the time between the entry of this Order and until the date of trial, is excluded in computing the time under the Speedy Trial Act pursuant to 18 U.S.C. Sections 3161(h)(7)(A) and (B)(iv).  As grounds for the continuance, the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the Defendants in a speedy trial because the failure to grant a continuance would deny counsel for the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Copies to:  Counsel of Record
            Jessica Mercer

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 24, 2018

5